UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SENACA LAPSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CV-99 |
| | ) | |
| ALLEN COUNTY SHERIFF KEN FRIES; | ) | |
| CORRECTIONAL OFFICER/NURSE | ) | |
| "PE # C454"; PAMELA THORNTON, RN; | ) | |
| BETH ANN THOMAS, LPN; and | ) | |
| MERISSA RUNYON, LPN; | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Reopen and Extend Discovery Deadline (Docket # 40) and the Defendants' Motion to Quash Plaintiff's First Set of Discovery Requests (Docket # 43). Defendants filed a response objecting to Plaintiff's motion; Plaintiff did not file a reply, and the time to do so has since passed. The Court stayed briefing on the Defendants' Motion to Quash pending its ruling on Plaintiff's motion. (Docket # 46.)

For the following reasons, Plaintiff's Motion to Reopen and Extend Discovery Deadline (Docket # 40) will be DENIED. As such, Defendants' motion to quash (Docket # 43) will be GRANTED.

*A. Procedural Background*

Plaintiff Senaca Lapsley filed this lawsuit under 42 U.S.C. § 1983 on March 24, 2011, alleging that Defendants, the Allen County Sheriff and several correctional officers or nurses at the Allen County Jail, denied him adequate medical care while he was a prisoner at the Jail in

1

violation of his Eighth and Fourteenth Amendment rights.  (Compl. ¶¶ 2, 4.)  On October 26, 2011, the parties filed their Report of Parties' Planning Meeting, which established a deadline of May 23, 2012, for the completion of all discovery.  (Docket # 31 at 2.)  At the preliminary pretrial conference, the Court approved the Report, making its provisions—including the May 23, 2012, discovery deadline—an order of the Court.  (Docket # 36.)

In accordance with the Report's expert report deadline, the Defendants submitted their expert disclosure and witness report to Plaintiff on April 23, 2012.  (Resp. to Pl.'s Mot. to Reopen & Extend Disc. Deadline ("Defs.' Resp.") ¶ 5.)  Discovery then closed on May 23, 2012, at which time Lapsley had not served Defendants with any discovery requests.  (Defs.' Resp. ¶ 6.)

On June 14, 2012, Lapsley filed his Motion to Reopen and Extend Discovery Deadline.  (Docket # 40.)  In the motion, Plaintiff's counsel explains that, after receiving Defendants' expert disclosure and report, they were unable to contact Lapsley until June 8, 2012, to discuss the potential evidentiary impact of this report on his claims and whether he wanted to proceed forward with his case.  (Mot. to Reopen & Extend Disc. Deadline ("Mot. to Reopen") ¶ 2.)  Moreover, Plaintiff's counsel represents that, due to an internal calendering mistake, their office inadvertently reset the deadline for responding to the Defendants' expert witness report.  (Mot. to Reopen ¶ 3.)  Having discerned that Lapsley wishes to prosecute his case, his counsel filed the present motion, requesting that the Court reopen, and grant Lapsley an additional thirty-five days to complete, discovery.

Before the Court ruled on this motion, Lapsley served the Defendants with his first set of discovery requests on June 18, 2012.  (Mot. to Quash Pl's First Set of Disc. Reqs. ¶ 1.)

Consequently, Defendants filed a motion to quash these requests. (Docket # 43.) The Court subsequently stayed briefing on this motion pending its resolution of Lapsley's motion to reopen discovery. (Docket # 46.)

### B. Applicable Law

The decision to reopen discovery rests within the broad discretion of the Court. *See Ty, Inc. v. Publ'ns Int'l, Ltd.*, 99 C 5565, 2003 WL 21294667, at *6 (N.D. Ill. June 4, 2003); *see also Reytblatt v. Nuclear Regulatory Comm'n*, No. 86 C 385, 1991 WL 140920, at *2 (N.D. Ill. July 22, 1991). And under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662506, at *1.

Along with good cause, because Lapsley's motion to extend the discovery deadline was untimely (filed almost two months after the deadline), he must also show "excusable neglect" under Federal Rule of Civil Procedure 6(b). *See Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) ("A motion filed before the deadline may be granted 'for good cause'[;] a motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'" (quoting FED. R. CIV. P. 6(b)(1)(A)-(B))). Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which

3

the failure to comply with a filing deadline is attributable to negligence," *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394); *see also Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (explaining that the excusable neglect determination is "at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission" (quoting Pioneer, 507 U.S. at 395)); *Goodman v. Clark* , No. 2:09 CV 355, 2010 WL 2838396, at *2 (N.D. Ind. July 12, 2010) (same).

### *C.  Analysis*

Plaintiff offers two explanations for his failure to conduct discovery within the agreed on—and court-ordered—deadline: (1) Plaintiff's counsel was unable to contact Lapsley to discuss whether he wanted to proceed forward with his case until June 8, 2012; and (2) an internal calendaring mistake inadvertently reset the deadline for responding to Defendants' expert report.

Regarding this first excuse, "[l]ack of communication between attorney and client [is] not a basis for showing of good cause . . . ." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).  And "[m]ere lack of communication does not excuse compliance from the rules, or from the penalties for failing to do so." *Id.*; *see also Katsiavelos v. Fed. Reserve Bank of Chicago*, No. 93 C 7724, 1995 WL 398901, at *3 (N.D. Ill. June 30, 1995) (noting that a plaintiff's disagreements or lack of communication with her attorney did not justify an additional extension of a discovery deadline).

Moreover, Lapsley does not explain why, *despite his diligence*, he could not meet the May 23, 2012, discovery deadline.  Indeed, he offers no explanation why he did no discovery

while the time to do so was open—nearly seven months—or why the discovery he wishes to do now could not have been done sooner.

Plaintiff's counsel also offer no elaboration on the efforts they undertook to contact Lapsley or any further explanation of why it took almost six weeks for them to do so. As such, counsel's difficulty communicating with Lapsley does not establish good cause or excusable neglect for missing the discovery deadline or the six-week delay in requesting an extension.

As to Plaintiff's second proffered reason, miscalendaring a date does not necessarily constitute good cause or excusable neglect. *See Sherman v. Quinn*, 668 F.3d 421, 426 (7th Cir. 2012) (holding that a simple miscalculation of time did not constitute excusable neglect for missing a deadline); *Orthoarm, Inc. v. Am. Orthodontics Corp.*, No. 06-C-0532, 2007 WL 172612, at *4 (E.D. Wis. Jan. 18, 2007) ("The Seventh Circuit has rejected as good cause an attorney's difficulties communicating with his client and an attorney's miscalendaring of a date." (citing *Pretzel & Stouffer*, 28 F.3d at 46)); *Stevens v. Cont'l Mobile Tel. Co.*, No. 95 C 3841, 1996 WL 328021, at *3 (N.D. Ill. June 11, 1996) ("Failure to docket a date correctly is a careless or negligent mistake that fails to demonstrate good cause." (citations omitted)). Furthermore, the May 23, 2012, discovery deadline was set by the parties (Docket # 31) and approved by the Court during a hearing *in which Lapsley's attorney participated* (Docket # 36), undercutting the persuasiveness of this explanation. *See Smetzer v. Newton*, No. 1:10-cv-93, 2012 WL 1900118, at *2 (N.D. Ind. May 23, 2012).

On balance, considering Lapsley's thin and unsupported excuses, he has failed to show good cause or excusable neglect for missing the May 23, 2012, discovery deadline. "[T]his Court takes seriously the scheduling orders it issues—and so should the litigants." *S.E.C. v.*

5

*Lipson*, No. 97 C 2661, 1999 WL 104357, at *2 (N.D. Ill. Feb. 24, 1999). "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (internal quotation marks and citation omitted); *see Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*, No. 09-cv-710-MJR, 2011 WL 2161106, at *3 (S.D. Ill. June 1, 2011) ("[D]eadlines have meaning and consequences.") (collecting cases). "One who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules." *Vakharia v. Little Co. of Mary Hosp.*, No. 94 C 5599, 2002 WL 485362, at *5 (N.D. Ill. Mar. 29, 2002) (quoting *White v. Bensten*, 31 F.3d 474, 476 (7th Cir. 1994)).

### D. Conclusion

For the foregoing reasons, Plaintiff's Motion to Reopen and Extend Discovery Deadline (Docket # 40) is DENIED. As such, because discovery will not be reopened, Defendants' Motion to Quash Plaintiff's First Set of Discovery Requests (Docket # 43) is GRANTED.

SO ORDERED.

Entered this 9th day of July, 2012.

                                              s/Roger B. Cosbey
                                              Magistrate Judge
                                              United States District Court